```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                          VALDOSTA DIVISION
```

| | |
|---|---|
| IGUANA, LLC, | * |
| Plaintiff, | * |
| vs. | *    CASE NO. 7:08-CV-09(CDL) |
| PAUL E. LANHAM, an individual, CHARLES W. CALKINS, an individual, KILPATRICK STOCKTON, LLP, a limited liability partnership, H. DAVID COBB, an individual, FEDERAL MARKETING SERVICE CORPORATION, an Alabama corporation, MONTGOMERY MARKETING INC., an Alabama corporation, and RANDALL J. LANHAM, an individual, | * * * * * * |
| Defendants. | * |
| | * |

O R D E R

This action arises from accusations made by Defendants in a letter to Plaintiff's suppliers that Plaintiff willfully infringed upon a patent described as the McLeese Multi-Pole Reissue Patent, U.S. Patent No. Re 35,571 ("U.S. Re '571"). As a result of that letter, Plaintiff alleges that it suffered monetary harm for which it seeks damages based upon defamation, tortious interference, and common law conspiracy.

Defendant Paul E. Lanham ("Lanham") filed a counterclaim for patent infringement, asserting that he acquired rights to the patent, including all rights to recover for infringement, and that Plaintiff had infringed upon U.S. Re '571. Defendants H. David Cobb, Federal

1

Marketing Service Corporation, and Montgomery Marketing, Inc. ("MMI") [hereinafter MMI Defendants] filed a counterclaim for a breach of legal duty under Georgia law, specifically O.C.G.A. § 51-1-6. In that counterclaim, MMI alleges that it owned the exclusive license to manufacture and sell for military use bednets made under the "teachings" of U.S. Re '571 and that Plaintiff owed them a legal duty not to infringe upon U.S. Re '571.

Presently pending before the Court are Plaintiff's motions to dismiss both counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Docs. 73 & 74). For the following reasons, Plaintiff's motion as to Lanham's counterclaim is granted in part and denied in part, and Plaintiff's motion as to MMI Defendants' counterclaim is granted.

## MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court "must constru[e] the [claim] in the light most favorable to the [party asserting the claim] and accept[] as true all facts which [that party] alleges." *Day v. Taylor,* 400 F.3d 1272, 1275 (11th Cir. 2005). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Although Federal Rule of Civil Procedure 8(a)(2) only requires that a complaint contain "a short and plain statement of the claim showing

2

that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The claim must include well-pleaded factual allegations, which if true, "plausibly give rise to an entitlement to relief." *Iqbal,* 129 S. Ct. at 1950. If a complaint does not include sufficient factual allegations "'to raise a right to relief above the speculative level'" and "'to raise a reasonable expectation that discovery will reveal evidence of'" the asserted claim, then the claim must be dismissed. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 556).

In the patent infringement context, the party alleging a claim for patent infringement must allege the following to state a claim upon which relief may be granted:

   (1)  a statement of jurisdiction;
   (2)  a statement that the party owns the patent;
   (3)  a statement that the infringer has been infringing the patent by making, selling, and using a device embodying the patent;
   (4)  a statement that the party has given infringer written notice of the infringment; and
   (5)  a demand for an injunction and/or damages.

*See* Fed. R. Civ. P. Form 18 (2007); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (finding that the sample complaint for patent infringement under Form 18 meets the pleading standard under *Twombly*). Using the foregoing standard, the Court analyzes the two counterclaims asserted in this action.

3

DISCUSSION

## I. Plaintiff's Motion to Dismiss Lanham's Counterclaim

Lanham alleges in his counterclaim that, on April 26, 1999, he acquired the "rights and interest to [U.S. Re. '571], including all right to recover for past, present and future infringement." (Lanham Countercl. ¶ 7.) Lanham also alleges that "[o]n information and belief, [Plaintiff] ha[d] manufactured, offered for sale to consumers and/or sold to consumers, and continues to offer for sale to consumers in the United States, including in this judicial district, the Iguana Bed[n]et." (*Id.* ¶ 8.) Lanham alleges that Plaintiff infringed on the protected patent "either literally or under the doctrine of equivalent[s], by making using, selling, offering for sale the Iguana Bed[n]et that embodies each element of at least one of the claims of [U.S. Re '571]," (*id.* ¶ 11), and that Lanham suffered monetary harm because of this infringement, (*id.* ¶ 13).

Plaintiff contends that Lanham's counterclaim for patent infringement fails to state a claim upon which relief can be granted because Lanham failed to allege when the specific acts of infringement occurred and also failed to allege the specific instances of non-governmental sales.[1]  (Mem. in Supp. of Pl.'s Mot.

---

[1]The Court finds Lanham's counterclaim unclear as to whether Lanham is asserting a patent infringement claim against Plaintiff as to Plaintiff's sale of its bednets to the United States military, to non-military customers, or to both.  (*See* Lanham's Opp'n to Pl.'s Mot. to Dismiss Countercl. 6 (noting that "while Iguana may be able to demonstrate that its military sales of the bednets are protected under 28 U.S.C. § 1498[a]," Lanham still has a claim for infringement as to Plaintiff's non-military sales).)  28 U.S.C. § 1498(a) provides, in pertinent part, that

4


to Dismiss Lanham's Countercl. 8.)  Notwithstanding these alleged deficiencies, the Court finds that Lanham has sufficiently alleged facts, which if proven to be true, "plausibly give rise to an entitlement to relief."  *Iqbal*, 129 S. Ct. at 1950.  Lanham has clearly alleged jurisdiction and ownership of U.S. Re '571.  (Lanham Countercl. ¶¶ 2, 7.)  Lanham also alleges that Plaintiff infringed upon U.S. Re '571 by making, using, selling, and offering for sale the Iguana bednets.  (*Id.* ¶¶ 10, 11.)  Next, Lanham alleges that he gave Plaintiff sufficient notice of his infringement claim, and lastly, Lanham makes a demand for monetary damages.  (*Id.* ¶ 13.) Accordingly, the Court finds that Lanham's counterclaim sufficiently states a claim upon which relief may be granted, and therefore Plaintiff's motion to dismiss is denied.  *See, e.g., McZeal*, 501 F.3d at 1357 (finding that plaintiff's complaint for patent infringement survived Rule 12(b)(6) motion where plaintiff alleges ownership of patent and described means by which defendant infringed upon patent).

---

> [w]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

Accordingly, to the extent that Lanham is asserting a patent infringement claim against Plaintiff as to Plaintiff's sale and manufacture of its bednets to the United States, this claim is dismissed.  *See Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578, 1580 n.1 (Fed. Cir. 1995) (recognizing that a district court can proceed with a patent infringement claim as to the non-governmental sales where the complaint alleges that the manufacturer sold an infringing product to both the government and a third party).

**II.   Plaintiff's Motion to Dismiss MMI Defendants' Counterclaim**

In their counterclaim, MMI Defendants assert a breach of legal duty under O.C.G.A. § 51-1-6.  (*See generally* Am. Countercl. of MMI Defs. [hereinafter MMI Defs. Am. Countercl.].)  Specifically, MMI Defendants allege that Lanham granted MMI the "exclusive license to manufacture and sell bednets for military use made under the teachings of [U.S. Re '571]."  (MMI Defs. Am. Countercl. ¶ 8.)  MMI Defendants further allege that "Iguana ha[d] manufactured bednets that infringe [U.S. Re '571]."  (*Id.* ¶ 9.)  MMI Defendants assert that "[35 U.S.C. § 271(a)] prohibited Iguana from manufacturing and selling bednets that infringed [U.S. Re '571]," and that "[b]y manufacturing and selling bednets that only MMI was legally entitled to manufacture and sell, Iguana caused injury to MMI."  (*Id.* ¶ 10.)  MMI Defendants allege that "Iguana's actions were a breach of the legal duty Iguana owed MMI, which caused the MMI Defendants to suffer damages."[2]  (*Id.* ¶ 11.)

Plaintiff contends that MMI Defendants' counterclaim for breach of a legal duty under O.C.G.A. § 51-1-6 fails to state a claim upon which relief can be granted because Plaintiff owed no legal duty to MMI under 35 U.S.C. § 271(a).  Plaintiff further contends that even if it owed MMI a legal duty under § 271(a), the harm MMI Defendants

---

[2]The legal duty that Plaintiff allegedly breached according to MMI Defendants arises from 35 U.S.C. § 271(a), which provides, in pertinent part, that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

6

complained of-infringement on MMI's exclusive right to sell and manufacture bednets for military purposes-is not the harm § 271(a) was intended to prevent.

Plaintiff's motion to dismiss MMI Defendants' counterclaim gives rise to an issue of first impression: whether a licensee of a patent who has the exclusive right to sell a patented product to the United States military has a cause of action under Georgia law against a third party who allegedly infringes upon that patent. Preliminarily, it is clear that the licensee (MMI) has no cause of action under federal patent law for the third party's (Plaintiff's) alleged infringement. As a licensee, MMI does not have a claim for infringement. That claim belongs to the patent holder. As explained by one Court,

> In its simplest form, a license means only leave to do a thing which the licensor would otherwise have a right to prevent. Such a license grants to the licensee merely a privilege that protects him from a claim of infringement by the owner of the patent monopoly. He has no property interest in the monopoly of the patent, nor any contract with the patent owner that others shall not practice the invention. Hence the patent owner may freely license others, or may tolerate infringers, and in either case no right of the patent licensee is violated. Practice of the invention by others may indeed cause him pecuniary loss, but it does him no legal injury.

*N.V. Philips' Gloeilampenfabrieken v. Atomic Energy Comm'n*, 316 F.2d 401, 410 n.19 (D.C. Cir. 1963) (internal quotation marks omitted); *see, e.g., Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367-68 (Fed. Cir. 2008). Moreover, even if MMI had a protectible interest in the patent, its claim would be restricted to a claim against the

7

United States. 28 U.S.C. §1498(a); *see, e.g., Madey v. Duke Univ.*, 307 F.3d 1351, 1359 (Fed. Cir. 2002) (noting that one important feature of § 1498(a) was that "[i]t relieve[d] a third party from patent infringement liability"); *Crater Corp. v. Lucent Techs., Inc.*, 255 F.3d 1361, 1364 (Fed. Cir. 2001) ("If a patented invention is used or manufactured for the government by a private party, that private party cannot be held liable for patent infringement.").

Recognizing that it has no claim against Plaintiff under federal patent law, MMI Defendants rely upon O.C.G.A. § 51-1-6 in an attempt to manufacture a claim under Georgia law, arguing that the very law that does not provide for a cause of action under federal patent law nevertheless gives rise to a state law duty and corresponding tort cause of action under Georgia law. The Court finds MMI Defendants' argument unpersuasive.

O.C.G.A. § 51-1-6 states that

> [w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

"This section does not create a separate cause of action, but simply authorizes the recovery of damages for the breach of a legal duty otherwise arising, though not expressly stated, under a statute or common law." *Jastram v. Williams*, 276 Ga. App. 475, 475, 623 S.E.2d 686, 687 (2005). In determining whether the violation of a particular statue creates a cause of action under O.C.G.A. § 51-1-6,

8

the Court must "examine the purposes of the legislation and decide whether the injured person falls within the class of persons the statute was intended to protect and whether the harm complained of was the harm it was intended to prevent." *Benefit Support, Inc. v. Hall County*, 281 Ga. App. 825, 831, 637 S.E.2d 763, 770 (2007) (internal quotation marks omitted); *see, e.g., Norman v. Jones Lang LaSalle Ams., Inc.*, 277 Ga. App. 621, 627-28, 627 S.E.2d 382, 388-89 (2006); *Dupree v. Keller Indus., Inc.*, 199 Ga. App. 138, 141, 404 S.E.2d 291, 294 (1991).

As previously stated, MMI Defendants point to 35 U.S.C. § 271(a) as the basis for the state law duty owed to them by Plaintiff not to infringe upon the patent for which MMI has licensing rights. Therefore, the Court must first determine whether MMI falls within the class of persons § 271(a) was intended to protect. If the Court finds that MMI does fall within the class of persons § 271(a) was intended to protect, then the Court must next determine whether the harm MMI Defendants complained of was the type of harm § 271(a) was intended to prevent.

The Court finds that MMI does not fall within the class of persons § 271(a) was intended to protect nor is the harm it alleges the type of harm that § 271(a) was intended to prevent. Congress clearly provided that the patentee has the cause of action for infringement of its patent. *See* 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent.")

9

Moreover, under the facts alleged in MMI Defendants' counterclaim, that remedy is restricted to a claim against the United States. *See* 28 U.S.C. § 1498(a). Therefore, while § 271(a) does define patent infringement to include some of the conduct MMI Defendants allege that Plaintiff engaged in, it is clear that Congress did not intend for a licensee of a patent such as MMI to be a direct beneficiary of the statute. The statute seeks to protect the patentee, not a licensee. Moreover, the harm the statute seeks to prevent is harm to the patentee for infringement of its patent, not alleged harm to a licensee for infringement of a patentee's patent. Consequently, the Court finds that a licensee of a patent who has the exclusive right to sell a patented product to the United States military does not have a cause of action under Georgia law against a third party who allegedly infringes upon that patent. The MMI Defendants' counterclaim therefore fails to state a claim under Rule 12(b)(6), and Plaintiff's motion to dismiss that counterclaim is granted.

## CONCLUSION

For the reasons previously stated, Plaintiff's Motion to Dismiss the Counterclaim of Lanham (Doc. 74) is denied to the extent that Lanham is asserting a claim for infringement relating to non-military sales and is granted as to any claims Lanham is asserting relating to military sales to the United States. Plaintiff's Motion to Dismiss the Amended Counterclaim of MMI Defendants (Doc. 73) is granted.

    IT IS SO ORDERED, this 9th day of June, 2009.

                                              S/Clay D. Land
                                                  CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE