IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| IGUANA, LLC, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 7:08-CV-09(CDL) |
| PAUL E. LANHAM, an individual, CHARLES W. CALKINS, an individual, KILPATRICK STOCKTON, LLP, a limited liability partnership, H. DAVID COBB, an individual, FEDERAL MARKETING SERVICE CORPORATION, an Alabama corporation, MONTGOMERY MARKETING, INC., an Alabama corporation, and RANDALL J. LANHAM, an individual, | * * * * * * |
| Defendants. | * |

O R D E R

Presently pending before the Court is Plaintiff's Motion to Enter Default of Defendant Randall J. Lanham and Hold Proof Hearing (Doc. 77). For the following reasons, Plaintiff's motion is granted in part and denied in part.

DISCUSSION

On January 21, 2009, Plaintiff Iguana, LLC filed a revised Second Amended Complaint in which Randall J. Lanham ("Randall") was a named Defendant. The revised Second Amended Complaint was served upon Randall on February 27, 2009. To date, Randall has failed to answer. (Asman Decl. ¶ 12, Apr. 3, 2009.) Therefore, the Clerk properly entered a default against Randall on April 6, 2009. *See*

1

Fed. R. Civ. P. 55(a). The effect of the entry of a default is that all of the factual allegations in the complaint are taken as true, except for the amount of unspecified damages. Because the amount of damages due is not specified in the Second Amended Complaint, it will be necessary for the Court to determine the amount of damages upon receiving evidence of damages at an appropriate hearing. Fed. R. Civ. P. 55(b)(2);[1] *see S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005) ("[I]f an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered."). Therefore, judgment shall not be entered until the Court has made a determination as to the amount of damages Plaintiff should recover, if any.

To conserve judicial resources, avoid inconsistent judgments, and assist the Court, the Court has concluded that it will submit the issue of the amount of Plaintiff's damages to the same jury that will hear the other claims in this action. The Court will then consider that jury's advisory finding as to the amount of damages in determining the amount of the default judgment against Defendant Randall J. Lanham. The logistics of how that question will be

---

[1] Federal Rule of Civil Procedure 55(b)(2) provides, in pertinent part, that a "court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

2

presented to the jury will be finalized at the pretrial conference prior to trial.  If this litigation terminates without a jury trial, then the Court will hold a hearing on the issue of damages at the appropriate time.

     IT IS SO ORDERED, this 9th day of June, 2009.

                                    S/Clay D. Land
                                        CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE