```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                      VALDOSTA DIVISION

IGUANA, LLC,                      *

     Plaintiff,                   *

vs.                               *    CASE NO. 7:08-CV-9 (CDL)

PAUL E. LANHAM, et al.,           *

     Defendants.                  *
```

O R D E R

In this action, Defendant Paul E. Lanham ("Paul Lanham") asserts a patent infringement counterclaim against Plaintiff Iguana, LLC ("Iguana"). Paul Lanham claims that he acquired rights to U.S. Reissue Patent No. 35,571 ("U.S. Re. '571"), including rights to recover for infringement, and that Iguana infringed the patent. Presently pending before the Court is Iguana's Motion for Summary Judgment as to Ownership and Enforceability of U.S. Re. '571 by Paul Lanham (ECF No. 174).[1] As discussed below, the motion is denied.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of

---

[1] There are several other motions pending before the Court. Those motions will be addressed in a separate order.

*material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## DISCUSSION

The Court previously denied a nearly identical summary judgment motion filed by Iguana. *Iguana, LLC v. Lanham*, No. 7:08-CV-09 (CDL), 2010 WL 3394899 (M.D. Ga. Aug. 23, 2010) [hereinafter 2010 MSJ Order]. The factual background is recounted in detail in the previous order, and the Court finds it unnecessary to repeat it here. The Court also declines to revisit those issues that it previously decided in the 2010 MSJ Order which Iguana seeks to rehash in its presently pending motion. The Court focuses on Iguana's arguments related to additional discovery that was not available at the time of Iguana's prior summary judgment motion.

Iguana contends that additional discovery revealed that Paul Lanham does not have a valid ownership interest in U.S. Re. '571. Iguana also contends that newly discovered evidence

2

conclusively reveals that U.S. Re. '571 is unenforceable. The Court addresses each argument in turn.

**I.   Ownership of U.S Re. '571**

   A.   Statements by Edward McLeese

Iguana contends that Paul Lanham lacks standing to enforce U.S. Re. '571 because of certain statements the inventor and patentee, Edward McLeese, made during his deposition. According to Iguana, McLeese "expressly repudiated" an agreement transferring rights in the original patent on which U.S. Re. '571 is based, U.S. Patent No. 4,858,634 ("'634 Patent"), to a company called Natural Born Carvers. It is undisputed that the chain of title for the rights to the patents at issue in this case depends in part on the Natural Born Carvers license.[2] McLeese did testify that the document he was shown during his deposition, which was purported to be a copy of the license from McLeese to Natural Born Carvers, did not appear to be a true and accurate copy of that license based on the signature page.[3]

---

[2] As discussed in the 2010 MSJ Order, the evidence viewed in the light most favorable to Paul Lanham establishes that a company called Springbok, Inc. had exclusive rights to the '634 Patent and U.S. Re. '571 based on a license agreement. 2010 MSJ Order, 2010 WL 3394899, at *2. Springbok was acquired by Natural Born Carvers, Inc., which later changed its name to CARV Industries, Inc., then to CARV.com, Inc. and then to Pacifictradingpost.com. *Id.* Paul Lanham acquired Springbok from Pacifictradingpost.com and also entered into an exclusive sublicense agreement regarding U.S. Re. '571. *Id.* at *3.

[3] Iguana's argument assumes that the documents cannot be authenticated because Iguana presumes that one of the signatories, Randall Lanham, will not be permitted to testify. As discussed in more detail below, Randall Lanham's testimony has not been excluded.

McLeese Dep. 229:3-234:16, ECF No. 228-3.  He also testified, however, that he *did* enter into a licensing agreement with Natural Born Carvers.  *Id.* at 99:24-100:3, ECF No. 228-2; *accord id.* at 68:2-9, ECF No. 228-1; *see also id.* at 95:20:96-5, ECF No. 228-2 (stating that it was McLeese's understanding that Natural Born Carvers "got the whole ball of wax[, meaning] the entire patent, its rights, or anything developed or derived from my patents").  Based on this, the Court concludes that a genuine fact dispute exists as to whether McLeese entered into the license agreement with Natural Born Carvers.  Accordingly, Iguana is not entitled to summary judgment based on McLeese's statements questioning the authenticity of the license documents.

B. Statements by Paul Lanham

Iguana also contends that Paul Lanham lacks standing to enforce U.S. Re. '571 because of certain statements he made during his deposition.  Specifically, Paul Lanham testified that he did not sign certain agreements related to U.S. Re. '571, and Iguana argues that these statements establish that Paul Lanham does not have standing to enforce U.S. Re. '571.  Iguana made the same argument in support of its previous summary judgment motion, and the Court rejected it.  As the Court previously explained, while Paul Lanham testified that he did not sign the agreements, he also testified that his son Randall Lanham, a

4

California attorney, had power of attorney to sign documents on Paul Lanham's behalf and had likely signed the relevant agreements. 2010 MSJ Order, 2010 WL 3394899, at *6. Therefore, the Court concluded that a genuine fact dispute exists as to whether Paul Lanham has standing to pursue his counterclaim for patent infringement.

Iguana now contends that the state of the evidence has changed because Randall Lanham failed to appear for his deposition in July 2011. Based on this failure to appear, Iguana argues, there is no competent testimony to corroborate Paul Lanham's statement that Randall Lanham signed the relevant documents. This argument is based on Iguana's presumption that the Court would preclude Randall Lanham from testifying in this matter. The Court has not, however, excluded Randall Lanham's testimony. The Court previously concluded that Randall Lanham's failure to appear at the deposition was due to a "simple scheduling dispute [that] could have been easily resolved had counsel for Iguana simply rescheduled the deposition to a mutually convenient time." *Iguana, LLC v. Lanham*, No. 7:08-CV-09 (CDL), 2011 WL 5154062, at *3 (M.D. Ga. Oct. 28, 2011). The Court also ruled that Defendants would be permitted to depose Randall Lanham to preserve his testimony for trial. *Id.* at *4. Therefore, the evidence on this point is the same as it was when the Court issued the 2010 MSJ Order. For the reasons set forth

5

in that Order, there is a genuine fact dispute as to whether Paul Lanham has standing to pursue his counterclaim for patent infringement.

## II. Enforceability of U.S. Re. '571

Iguana also contends that U.S. Re. '571 is unenforceable because insufficient fees were paid to the U.S. Patent and Trademark Office ("PTO") in connection with the original patent on which U.S. Re. '571 is based, the '634 Patent. Iguana previously made the same argument, contending that "large entity" fees should have been paid to the PTO in connection with the '634 Patent but that only "small entity" fees were paid. The Court found that it was "unclear whether there was any sublicense of patent rights that would have made large entity fees applicable when the U.S. Re. '571 issue fees or maintenance fees were due." 2010 MSJ Order, 2010 WL 3394899, at *5.

Now, Iguana points to newly discovered evidence: an Investor License Agreement that purports to set out a 1995 agreement between Jumpstart, Inc. and Hasbro, Inc. licensing rights in the '634 Patent to Hasbro ("Hasbro License").[4] Pl.'s Mot. to File Newly Discovered Evidence Ex. 3, Inventor License Agreement, ECF No. 225-4. Iguana asserts that, based on the Hasbro License, large entity fees should have been paid to the

---

[4] Iguana previously argued that Hasbro was a licensee of the '634 Patent, 2010 MSJ Order, 2010 WL 3394899, at *4, but Iguana did not have access to and could not produce evidence of that license until recently.

6

PTO in connection with the '634 Patent.  It is undisputed that only small entity fees were paid.  However, even if large entity fees were due based on the Hasbro License, "[a]n error in fee payment makes a patent unenforceable only where it is proven by clear and convincing evidence that the applicant or applicant's counsel deliberately defrauded the PTO by intentionally paying the small entity amount, knowing that a large entity amount was due."  2010 MSJ Order, 2010 WL 3394899, at *5 (citing 37 C.F.R. § 1.27(h)(2); *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003)).  Even with the Hasbro License, the present record does not establish as a matter of law that the patentee or the prosecuting attorneys acted with intent to mislead the PTO.  Moreover, there is evidence that the Hasbro License terminated.  *E.g.,* McLeese Dep. 222:10-223:25, ECF No. 228-3 (stating that patentee never received royalties from the Hasbro deal, that Hasbro did not "perform the way it should have performed" and that litigation was proceeding against Hasbro).  For these reasons, and for the reasons discussed in the 2010 MSJ Order, there is still a genuine fact dispute as to the enforceability of U.S. Re. '571.

CONCLUSION

For the reasons set forth above, Iguana's Motion for Summary Judgment as to Ownership and Enforceability of U.S. Re. '571 by Paul Lanham (ECF No. 174) is denied.  Based on this

ruling, Iguana's Request for Order to Show Cause (ECF No. 239) is moot.

IT IS SO ORDERED, this 5th day of December, 2011.

                                           S/Clay D. Land
                                                CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE