```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      VALDOSTA DIVISION

IGUANA, LLC,                      *

      Plaintiff,                  *

vs.                               *      CASE NO. 7:08-CV-9 (CDL)

RANDALL J. LANHAM,                *

      Defendant.                  *
```

O R D E R

This action has been whittled down to claims against one remaining Defendant, Randall Lanham ("Randall"), who is presently in default but who opposes entry of default judgment against him based upon lack of personal jurisdiction. For the following reasons, the Court finds that it lacks jurisdiction over Randall, and therefore, his motion to dismiss (ECF No. 263) is granted.

BACKGROUND

This action initially arose from a letter that Charles Calkins, a North Carolina attorney, wrote to Plaintiff Iguana, LLC ("Iguana") on behalf of his client, Paul Lanham. The letter accused Iguana of willfully infringing U.S. Reissue Patent No. 35,571. Defendant Randall, a California attorney who also represents Paul Lanham, forwarded the letter to David Cobb, the president and CEO of an Alabama company that licensed the

patent. Cobb forwarded the letter to several of Iguana's suppliers, including a key supplier in North Carolina. Iguana contends that it was harmed as a result of the letter being sent to the North Carolina supplier. Iguana asserts claims against Randall for defamation, tortious interference and common law conspiracy. Randall did not answer Iguana's Second Amended Complaint, and the Clerk entered his default. Iguana seeks entry of a default judgment against Randall, but Randall contends that the Court does not have personal jurisdiction over him and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

Because Randall is in default, it is undisputed for purposes of this motion that Randall and others asked Calkins to write the infringement letter. It is undisputed that Randall sent the infringement letter from California to Cobb in Alabama. It is also undisputed that Cobb drove to Georgia and mailed the infringement letter to one of Iguana's suppliers in North Carolina. Iguana contends that these actions caused harm to Iguana in Georgia.

It is undisputed that Randall is a resident of California. Randall submitted a declaration stating that he has never maintained an office or other place of business in Georgia, never advertised or solicited business in Georgia, never sought or received a permit or license to do business in Georgia, never

2

paid taxes in Georgia, never owned or leased property in Georgia, never had a bank account in Georgia, never provided legal services to Paul Lanham in Georgia, and never sent any letters or made any communications in Georgia.  Mot. to Dismiss Attach. 2, R. Lanham Decl. ¶¶ 3-9, ECF No. 263-2.

Iguana pointed the Court to evidence that Randall was listed as one of the incorporators of a Georgia corporation called Amnisos Corporation.  Pl.'s Supplemental Br. in Opp'n to Def.'s Mot. to Dismiss Ex. 3, Articles of Incorporation, ECF No. 268-3 at 2.  There is no evidence regarding the extent to which Amnisos Corporation transacted business in Georgia, and there is no evidence that Randall ever participated in any business the corporation transacted within Georgia.  Rather, the evidence is that Randall was not involved in forming the Georgia Amnisos Corporation, was not aware of the Georgia Amnisos Corporation, and was not involved "in any manner" in the Georgia Amnisos Corporation.  *E.g.,* Def.'s Reply in Supp. of Mot. to Dismiss Attach 2, Everett Decl. ¶¶ 11-13, ECF No. 271-2.

DISCUSSION

For Randall to be subject to personal jurisdiction in this Court, "the exercise of jurisdiction must (1) be appropriate under the [Georgia] long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."  *Diamond Crystal Brands, Inc. v. Food Movers*

*Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010) (internal quotation marks omitted). "[T]he Georgia long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process." *Id.* at 1259; *accord Amerireach.com, LLC v. Walker*, 290 Ga. 261, 268, 719 S.E.2d 489, 495 (2011) (noting that O.C.G.A. § 9-10-91(3) "does not confer jurisdiction to the fullest extent permitted by constitutional due process" (internal quotation marks omitted)). Instead, the Court "must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." *Diamond Crystal Brands*, 593 F.3d at 1263.

> The Georgia long-arm statute provides, in relevant part:
>
> A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives

4

>  substantial revenue from goods used or consumed or services rendered in this state; [or]
>
>  (4) Owns, uses, or possesses any real property situated within this state[.]

O.C.G.A. § 9-10-91(1)-(4).

Iguana does not assert that Randall committed a tortious act or omission within Georgia or that Randall owns, uses or possesses real property in Georgia, so there is no basis for personal jurisdiction over Randall under O.C.G.A. § 9-10-91(2) or (4).  Iguana also does not assert that the Court has personal jurisdiction over Randall pursuant to O.C.G.A. § 9-10-91(3), presumably because there is no evidence that Randall "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Georgia]." O.C.G.A. § 9-10-91(3).  Rather, Iguana's argument focuses exclusively on O.C.G.A. § 9-10-91(1)—the "transacts any business" subsection.

Iguana appears to contend that Randall "transacted business" within Georgia by seeking the infringement letter from a North Carolina attorney and transmitting it from California to Alabama, which ultimately caused harm in Georgia.  Iguana also appears to argue that Randall should be deemed to have transacted business in Georgia because his alleged co-conspirator, Cobb, an Alabama resident who did not challenge

5

personal jurisdiction in this Court, mailed the infringement letter to Iguana's North Carolina supplier from Georgia. Finally, Iguana appears to assert that Randall "transacted business" within Georgia by virtue of his involvement in Amnisos Corporation. The Court addresses each argument in turn.

Jurisdiction exists on the basis of transacting business in Georgia "if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517-18, 631 S.E.2d 734, 737 (2006) (internal quotation marks omitted. "The initial two prongs of the jurisdictional test are used to determine whether defendant has established the minimum contacts necessary for the exercise of jurisdiction." *Id.* at 518, 631 S.E.2d at 737 (internal quotation marks omitted). "The application of (the minimum contacts) rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (internal quotation marks omitted). Here, there is no evidence that Randall

purposefully did any act or consummated any transaction in Georgia that is connected with this action. Rather, the evidence is that he consulted with a North Carolina lawyer regarding an infringement letter and then sent a copy of that letter from his office in California to Cobb in Alabama. Therefore, the Court cannot find that Randall "transacted business" in Georgia within the meaning of O.C.G.A. § 9-10-91(1).

Iguana also appears to invoke a "conspiracy theory" of jurisdiction, arguing that Randall should be deemed to have transacted business in Georgia because his alleged co-conspirator, Cobb, an Alabama resident who did not challenge personal jurisdiction in Georgia, mailed the infringement letter to Iguana's North Carolina supplier from Georgia. In general, "under the theory of conspiracy jurisdiction, the in-state acts *of a resident co-conspirator* may be imputed to a nonresident co-conspirator so as to satisfy the specific contact requirements of the Georgia Long Arm Statute." *Hyperdynamics Corp. v. Southridge Capital Mgmt., LLC*, 305 Ga. App. 283, 294, 699 S.E.2d 456, 466 (2010) (emphasis added). Georgia courts have "rejected a 'conspiracy theory' of jurisdiction where the plaintiff tried to rely on imputed acts to bypass the requirements of due process." *Rudo v. Stubbs*, 221 Ga. App. 702, 703, 472 S.E.2d 515, 517 (1996). "Due process requires, of course, that the

7

non-resident defendant have taken action purposefully directed toward the forum state, such that he reasonably should have anticipated being haled into court there." *Id.* Here, there is no evidence that Randall took action purposefully directed at Georgia when he mailed the infringement letter to Alabama. There is no evidence that Randall knew that Alabama resident Cobb would drive to Georgia to mail the infringement letter to North Carolina. Iguana pointed to no authority adopting a conspiracy theory of jurisdiction based on a single in-state act of a *nonresident co-conspirator* whose in-state act was not reasonably foreseeable by the other nonresident co-conspirator. The Court declines to apply such a theory here.

Finally, Iguana appears to assert that Randall "transacted business" within Georgia by virtue of his involvement in Amnisos Corporation. "As the Supreme Court of the United States has held, jurisdiction over a corporate employee or officer 'does not automatically follow from jurisdiction over the corporation[.]'" *Amerireach.com, LLC*, 290 Ga. at 266, 719 S.E.2d at 494 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 n.13 (1984)). Randall's contacts with Georgia "are not to be judged according to [Amnisos Corporation's] activities" in Georgia. *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)). Rather, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder*, 465 U.S. at

8

790. The evidence establishes that Randall was listed as one of the incorporators of Amnisos Corporation, a Georgia corporation. However, the evidence also establishes that Randall was not involved in forming the Georgia Amnisos Corporation, was not aware of the Georgia Amnisos Corporation, and was not involved "in any manner" in the Georgia Amnisos Corporation. Everett Decl. ¶¶ 11-13. Moreover, there is no evidence that Amnisos Corporation was in any way involved in the acts giving rise to this action. For these reasons, Randall's involvement in the Georgia Amnisos Corporation does not give rise to personal jurisdiction over Randall.

For all of these reasons, the Court concludes that Randall has established that he is not subject to personal jurisdiction in Georgia. Accordingly, his motion to dismiss is granted.

CONCLUSION

As discussed above, the Court concludes that it may not exercise personal jurisdiction over Randall, and his motion to dismiss (ECF No. 263) is therefore granted. This dismissal resolves the only remaining claim in this action, thus authorizing the Clerk to close this action.

IT IS SO ORDERED, this 9th day of March, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE